IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00263-CR

 

Mark Burton,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the Criminal District Court

Jefferson County, Texas

Trial Court # 82750

 



MEMORANDUM 
Opinion



 

Appellant has
filed a motion to dismiss this appeal under Rule of Appellate Procedure 42.1(a)(1).  See Tex. R. App. P. 42.1(a)(1).  Appellee has
not filed a response.  Accordingly, the
appeal is dismissed.

 

PER CURIAM

 

Before Chief Justice Gray,

          Justice Vance, and

          Justice Reyna

          (Chief Justice Gray
concurs in the result only.)

Appeal dismissed

Opinion delivered and filed October
 27, 2004

Do not publish

[CR25]






rgin-left:.5in;margin-bottom:.0001pt;text-align:justify;text-indent:.5in'> 

Aggravated assault increases the penalty
for simple “bodily injury” assault if the victim suffers a significantly
greater degree of bodily harm—serious bodily injury, rather than mere bodily
injury.  

 

Landrian, 268 S.W.3d at 537 (footnotes and
citations omitted).

            

The State’s version of a hypothetically
correct charge is correct.  The State is also correct that serious bodily
injury is an aggravating factor and does not require a culpable mental state.  See
id.  The indictment’s heightened intended level of injury should not be
applied in a hypothetically correct jury charge on aggravated assault—causing serious bodily
injury, a result-oriented offense.  See id.  Furthermore, a person is nevertheless
criminally responsible for causing a result if the only difference between what
actually occurred and what he desired, contemplated, or risked is that a
different offense was committed.  Tex.
Penal Code Ann. § 6.04(b)(1) (Vernon 2003); cf. Ferrel, 55 S.W.3d
at 590-91.

Returning to the evidence and its
sufficiency as to Fancher’s culpable mental state (mens rea), Fancher
admitted that he hit Daniels on the side of the head.  (Fancher does not
dispute on appeal that his punch caused Daniels to fall to the floor and that
the result of Daniels’s fall was serious bodily injury.)  Intent may be
inferred from circumstantial evidence such as acts, words, and the conduct of
the defendant.  Guevara v. State, 152 S.W.3d 45, 50 (Tex. Crim. App.
2004).  Intent to cause bodily injury can be reasonably inferred from Fancher’s
act of striking Daniels in the head.  See, e.g., Dobbins v. State, 228 S.W.3d
761, 765 (Tex. App.—Houston [14th Dist.] 2007, pet. ref’d, untimely filed) (jury
may infer existence of culpable mental state from any facts tending to prove
its existence, including acts, words, and conduct of accused) (citing Hart
v. State, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002)).  It is also consistent
with his defensive theory of self-defense, which the jury rejected.  Therefore,
viewing the evidence in the
light most favorable to the verdict, we find a rational jury could have found
that Fancher intentionally, knowingly, or recklessly caused bodily injury by
striking Daniels, which caused serious bodily injury.  We overrule issue two.

Charge Error

Fancher’s first
issue complains about error in the charge’s application paragraph.  In analyzing
a jury-charge issue, we first decide whether error exists.  Ngo v. State,
175 S.W.3d 738, 743 (Tex. Crim. App. 2005).  The application paragraph
provided:

            Now, if you find from the
evidence beyond a reasonable doubt that on or about the 5th day of
June, 2005, the defendant, Louis Sherley Fancher, did then and there intentionally,
knowingly, or recklessly strike the said Billy Daniels, and caused serious
bodily injury to Billy Daniels, as alleged in the indictment, then you will
find the defendant guilty of Aggravated Assault as charged in the indictment.

 

[Emphasis added.]

 

            Fancher
contends:

 

The jury charge question in fact does
not allege any crime, because it is not illegal to intentionally, knowingly, or recklessly
strike someone.  Furthermore, the charge question doesn’t come close to
tracking the Indictment.  Thus Appellant was convicted of an unindicted
non-crime.

 

Fancher also asserts that the
application paragraph failed to track the indictment, which alleged a
heightened culpable mental state, and lessened the State’s burden of proof
because it is “conduct-oriented” while the offense and the indictment are
“result-oriented.”

Fancher did not object to the charge. 
The State concedes that the application paragraph is erroneous.  Based on the
language of the above-discussed assault statutes and case law, we agree that the
application paragraph is erroneous.  Because Fancher did not object, we analyze
this error under the familiar Almanza standard.  Allen
v. State, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008) (citing Olivas v.
State, 202 S.W.3d 137, 143-44 (Tex. Crim. App. 2006) (citing Almanza v.
State, 686 S.W.2d 157 (Tex. Crim. App. 1985)).  Unobjected-to
jury charge error will not result in reversal of a conviction in the absence of
“egregious harm.”  Almanza, 686 S.W.2d at 171.  In
examining the record for egregious harm, we consider:  (1) the entire jury
charge; (2) the state of the evidence, including the contested issues and the weight
of the probative evidence; (3) the final arguments of the parties; and (4) any
other relevant information revealed by the record of the trial as a whole.   Olivas, 202 S.W.3d at 144.  Charge error is egregiously
harmful if it affects the very basis of the case, deprives the defendant of a
valuable right, or vitally affects a defensive theory.  Stuhler v. State,
218 S.W.3d 706, 719 (Tex. Crim. App. 2007); Sanchez v. State, 209 S.W.3d
117, 121 (Tex. Crim. App. 2006).

The Entire Jury Charge

            Other than the erroneous
application paragraph, the jury charge correctly states the law.  Assault,
aggravated assault, and the three applicable result-oriented culpable mental
states are correctly defined in the charge’s abstract portion.  But as Fancher
points out, the application paragraph asked the wrong question, and it did so
in a way that was the easiest for the State to get a conviction because Fancher
testified and admitted striking Daniels.  We cannot say that the jury charge,
taken as a whole, ameliorates the error in the application paragraph.  See
Samaripas v. State, No. 10-09-00044-CR, 2010 WL 376949, at *5 (Tex.
App.—Waco Feb. 3, 2010, pet. ref’d) (mem. op., not designated for publication).

The State of the Evidence

            As we have noted, Fancher
admitted striking Daniels, and we agree with him that the erroneous application
paragraph thus lessened the State’s burden of proof.  Otherwise, a good part of
the evidence concerned Daniels’s preexisting condition and medical testimony
about Daniels’s injury.  Fancher highlights that there was no evidence that he
knew of Daniels’s preexisting spinal cord injury.  While we found above that
the evidence is sufficient under a hypothetically correct charge, we conclude
that the application paragraph’s lessening of the State’s burden of proof nevertheless
affects the very basis of the case by calling into question the jury’s verdict
on the erroneous application paragraph.

Final Arguments

            Fancher contends that the
prosecutor exacerbated the charge error by emphasizing several times that the
State had proved a culpable mental state by Fancher’s admission that he
intentionally hit Daniels.  Particularly troubling is the following excerpt
made while arguing that the State had proved all five elements of the offense:

            And three and four, I’m
going to talk about together, that he intentionally, knowingly or recklessly
caused bodily injury to Billy.  Um, the defendant admits this, too.  Think
about what the defendant said when he testified yesterday.  He admitted to
punching Billy.  Now, that’s intentional.  He admitted to intentionally
punching him.  And, uh, I think his exact words were, “That’s when I hooked
him with a left.”  So you have all that.  They having agreed to one, two,
three, and four.  Those are not in question.  That it was June 5th, ’05.  It
was this defendant, Louis Fancher, that he intentionally hit Billy Daniels. 
[Emphases added.]

 

In this one excerpt, the prosecutor,
after having correctly stated the law, twice conflates the correct result-oriented
elements of assault with the application paragraph’s erroneous conduct-oriented
statement.  Furthermore, the prosecutor used an analogy that was also
conduct-oriented; it involved a person who had just had knee surgery (a
preexisting condition), was wearing pants that hid the preexisting condition,
and was kicked in the knee.  The prosecutor again conflated the correct
(result-oriented) with the incorrect (conduct-oriented):

Remember, we talked about the person
doesn’t have to intend to cause a serious bodily injury.  If he intended to
kick him in the knee and serious bodily injury is what happened, he’s guilty of
aggravated assault.

 

The State agrees that this was done but
also notes various correct statements of the law by the prosecutor in final
argument.

Relevant Information from the Entire
Trial

            Neither party points to any
other relevant information from the entire trial.

Conclusion

            Based on the record as a
whole, we find that the erroneous application paragraph deprived Fancher of a
valuable right, which was a jury finding on the correct elements of the offense
for which he was ultimately convicted.  See Samaripas, 2010 WL
376949, at *6 (citing Sanchez, 209 S.W.3d at 125).  We also conclude
that the error affected the very basis of the case because it transformed a
result-oriented offense into a conduct-oriented offense.  We sustain issue one.

We find that Fancher was egregiously
harmed by the erroneous application paragraph.  We therefore reverse the judgment
of conviction and remand the case for a new trial.  See Samaripas,
2010 WL 376949, at *7.

            

 

REX
D. DAVIS

Justice

 

Before Chief Justice
Gray

and
Justice Davis[3]

Reversed and
remanded

Opinion
delivered and filed March 30, 2011

Do not publish

[CR25]









[1] The Court of Criminal
Appeals recently overruled Clewis v. State, 922 S.W.2d 126 (Tex. Crim.
App. 1996) and factual-sufficiency review.  See Brooks v. State, 323
S.W.3d 893, 895 (Tex. Crim. App. 2010).  The court held that the Jackson v.
Virginia sufficiency standard is the only standard a reviewing court should
apply in determining the sufficiency of the evidence.  Id.





[2] As we discuss below, Fancher asserts,
and the State concedes, that the charge’s application paragraph is erroneous.





[3] The Honorable Felipe Reyna, a former
justice on this court, was on the panel and present for argument, but having
left office on December 31, 2010, he did not participate in this decision.  See
Tex. R. App. P. 41.1(c).